VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        23-AP-021

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2023

Jill Krowinski v. Kyle Wolfe*

} APPEALED FROM:
}
} Superior Court, Washington Unit,
} Civil Division
} CASE NO. 21-ST-01122
Trial Judge: Robert A. Mello

In the above-entitled cause, the Clerk will enter:

Defendant Kyle Wolfe appeals the civil division's December 2022 order granting plaintiff's motion to extend its final order against stalking for an additional year.  On appeal, defendant argues that the anti-stalking order violated his right to free speech and free assembly.  We affirm.

Plaintiff, the Speaker of the Vermont House of Representatives, requested an order against stalking and the civil division issued a final order in December 2021 after a final hearing at which defendant failed to appear either in person or remotely.  The court found that defendant had threatened or made threats against plaintiff on more than one occasion and the final order required defendant to stay away from plaintiff for one year.  The court denied defendant's motion to reconsider.  Defendant filed a notice of appeal from the final order in February 2022, and this Court dismissed the appeal as untimely filed.

In December 2022, plaintiff moved to extend the order against stalking for another year, alleging that defendant continued to exhibit threatening behavior and had violated the no-contact order.  Defendant opposed the extension.  The court granted the motion, finding that plaintiff continued to need a protective order because since December 2021, defendant had been charged twice with violating the original order.  The court therefore extended the order until December 2023.  Defendant appeals.

This Court reviews "the family court's decision to grant or deny a protective order only for an abuse of discretion, upholding its findings if supported by the evidence and its conclusions if supported by the findings."  Raynes v. Rogers, 2008 VT 52, ¶ 9, 183 Vt. 513.  The court may extend an order against stalking if it is "necessary to protect the plaintiff," and "[i]t is not necessary for the court to find that the defendant stalked or sexually assaulted the plaintiff during the pendency of the order to extend the terms of the order."  12 V.S.A. § 5133(e).

On appeal, defendant argues that the order against stalking is unconstitutional because it violated his rights to free speech, freedom of assembly, and to have his grievances addressed by the Speaker of the House. To the extent defendant is claiming that there was an insufficient basis to impose an order against stalking in the first instance, we do not address that question since that order is final and defendant failed to timely appeal. The sole question in this appeal is whether there were grounds to extend the restrictions on defendant's contact with plaintiff. This Court has explained that otherwise legitimate conduct, such as expressions of free speech or free assembly, may be restricted by an order against stalking. Swett v. Gates, 2023 VT 26, ¶ 28. There is "no First Amendment right to inflict unwanted . . . contact on another person." Id. ¶ 43 (quotation omitted). Here, the court acted within its discretion in extending the stalking order based on its findings that defendant had been charged with violating the existing order and plaintiff continued to require a protective order.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice